1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TAHNI K.,

                Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C23-5761-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER PROCEEDINGS**

13

14

15

16

17

     Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously failed to account for limitations assessed by Dr. H. Amado in determining residual functional capacity (RFC). The Court agrees and **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

18

19

20

21

22

23

     The ALJ found the mental functioning assessment of Dr. Amado and Dr. Galluci "is persuasive." Tr. 24, and determined Plaintiff has the RFC to perform work limited to occasional interaction with coworkers and supervisors. Tr. 22. The two doctors had differing opinions about Plaintiff's ability to interact with coworkers and supervisors. Plaintiff argues, and the Court agrees the ALJ erred in finding the two inconsistent opinions are persuasive without reconciling that their opinions differed. This error, however, is harmful only if Plaintiff shows the ALJ's

1  determination Plaintiff has the RFC to perform work limited to occasional interaction with

2  coworkers and supervisors fails to account for Dr. Amado's opinion that Plaintiff cannot perform

3  work involving prolonged and intense interaction with coworkers and supervisors.

4       Dr. Amado opined Plaintiff is moderately limited in her ability to work in coordination

5  with or in proximity to others without being distracted by them, and moderately limited in her

6  ability to get along with coworkers without distracting them or exhibiting behavioral extremes.

7  In explaining "in narrative form the social interaction capacities and / or limitations," Dr. Amado

8  stated: "Clmnt is able to work with supervisors and coworkers in a non public setting so long as

9  avoiding intense and prolonged interpersonal interactions." Tr. 104.

10       Dr. Amado's opinion Plaintiff must avoid intense and prolonged social interaction

11  indicates Plaintiff can tolerate only superficial workplace social interactions, which by nature are

12  neither prolonged nor intense. The Social Security Administration does not define superficial but

13  defines occasionally as "occurring from very little up to one-third of the time." *See* Social

14  Security Ruling 83-10 1983 WL 31251, at *5. Dr. Amado did not indicate Plaintiff is socially

15  limited to contacts that occur "very little" in terms of frequency of time, i.e., occasionally or less

16  than one-third of the time as the ALJ found. Thus, the Commissioner's argument the ALJ

17  reasonably translated Dr. Amado's opinion fails.

18       Other courts have found there is a meaningful distinction between "occasional" and

19  "superficial" interactions in the context of reviewing an ALJ's decision for reversible error.

20  *Connie P. v. Commissioner of Social Security Administration*, 2023 WL 3116749 at * 5 (Dist.

21  Ore. April 27, 2023) (citations omitted); *see also Kellina M. v. Commissioner of Social Security*

22  *Administration*, 2023 WL 623968 at * 3 (Dist. Or. Sept. 26, 2023) (An ALJ's failure to recognize

23

ORDER REVERSING THE COMMISSIONER'S FINAL DECISION
AND REMANDING FOR FURTHER PROCEEDINGS - 2

1   the distinction between "occasional" interactions and "superficial" interactions in fashioning the

2   RFC is error.).

3         The Court agrees there is a meaningful distinction. Occasionally is a functional limitation

4   defined as involving "time" because it relates to how frequently or often the action or interaction

5   occurs. Occasional interactions thus stand in contrast to regular interactions. However,

6   occasional is not directed to the nature of the contact, i.e., whether social contact is superficial,

7   intense, involved, complicated, or something else.

8         The distinction between the term occasional and superficial is not novel. It is, in fact, a

9   distinction that is recognized in other Agency decisions. *See Jennifer G. v. Commissioner of*

10  *Social Security*, 2023 WL 4975994 at * 2 (W.D. Wash., Sept. 3, 2023) (ALJ limited Plaintiff to

11  work requiring no more that "occasional superficial contact with coworkers); *Harcrow v.*

12  *Commissioner of Social Security Administration*, 2021 WL 3371529 (D. Ariz. Aug. 3, 2021)

13  (ALJ found claimant could have "occasional superficial interaction with the public and

14  coworkers and occasional supervision); *Harviston v. Colvin*, 2015 WL 4523793 at * 6 (E.D.

15  Wash. July 27, 2015) (ALJ found claimant could have brief superficial interaction with the

16  public and occasional superficial interactions with coworkers.). These sample decisions establish

17  the ALJ's of the Social Security Administration recognize there is a material difference between

18  "occasional superficial," "superficial," and "occasional" in determining RFC.

19        The Commissioner contends the ALJ's finding Plaintiff is limited to occasional

20  interaction with coworkers and supervisors accounts for the limitation assessed by Dr. Amato

21  citing *Shaibi v. Berryhill*, 883 F.3d 1102, 1106-1107 (2017). In *Shaibi*, the Court of Appeals

22  found there was no meaningful distinction between occasional and moderate based upon the

23  facts of that case. In *Shaibi* the claimant argued the ALJ failed to account for limitations two

doctors by mistakenly finding "occasional" interaction with coworkers accounts for the qualitative limitations the doctors identified (Shaibi is moderately limited in his interactions with coworkers), and a qualitative limitation (Shaibi can "relate to others on a superficial work basis").

While the Commissioner argues *Shaibi* permits the ALJ to interpret a moderate limitation in social functioning to allow for occasional interactions with coworkers, *Jacobson v. Berryhill*, 2018 WL 2146444 (C.D. Cal. 2018) at *5, *Shaibi* did not hold such an interpretation is appropriate in all evidentiary contexts. *See also Solano v. Saul*, 2021 WL 792735 (E.D. Cal. 2021) at *5-6 (moderate social limitations, absent any restriction to superficial interactions, are consistent with a limitation to occasional public contact and occasional teamwork).

The Court of Appeals in *Shaibi* found no obvious inconsistency between the doctors' opinions regarding Shaibi's ability to interact with colleagues and the ALJ's RFC determination. In contrast, in this case, there is a difference between Dr. Amato's opinion that Plaintiff is limited to superficial contact and the ALJ's finding that Plaintiff is limited to occasional contact which omitted the nature of such contact.

The Court accordingly concludes the ALJ harmfully erred in finding Dr. Amato's opinions are persuasive but failing to include or account for the limitation Plaintiff must avoid intense and prolonged interaction. This error is harmful because it resulted in a RFC that failed to account for all limitations assessed by Dr. Amato and is a limitation that was not presented to the vocational expert who testified in this case.

For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

On remand, the ALJ shall reassess RFC in view of Dr. Amato's opinion that Plaintiff's moderate limitations includes work involving only superficial contact, develop the record as needed, and proceed to the remaining steps of the disability evaluation process.

DATED this 4th day of January, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge